Motion to dismiss appeal denied September 28, 1915.
Second motion to dismiss appeal allowed without an opinion October 7, 1915.

## FISHER *v.* PORTLAND RY., L. & P. CO.

(151 Pac. 735.)

**Judgment—Rendition—Time.**

1. Notwithstanding Section 201, L. O. L., declaring that, if trial is by jury, judgment shall be given by the court in conformity to verdict, and so entered on the day on which it was returned, the court may, where judgment was not entered according to its order, render judgment a little over a month later, and then grant the unsuccessful party a new trial, for the statute is not mandatory, and the delay was not so unreasonable as to deprive the court of jurisdiction.

[As to collateral attack upon judgment for loss of jurisdiction occurring *pendente lite*, see note in 17 Am. St. Rep. 143.]

From Multnomah: HENRY E. McGINN, Judge.

This is an action by Roy Fisher, a minor, by Andrew J. Crafton, his guardian *ad litem*, against the Portland Railway, Light & Power Company, a corporation. From an order granting plaintiff a new trial, defendant appeals. Respondent files motion to dismiss appeal.                    MOTION DENIED.

*Mr. Ernest R. Ringo* and *Mr. Maurice W. Seitz*, for the motion.

*Mr. F. J. Lonergan* and *Messrs. Griffith, Leiter & Allen, contra.*

In Banc.    MR. JUSTICE EAKIN delivered the opinion of the court.

1. This is a motion to dismiss the appeal. The record that the judgment was appealed from is as follows:

77 Or.—34

The journal of the court below, on April 14, 1915, showed this:

"We, the jury, duly impaneled to try the above-entitled cause, find our verdict for the defendant."

—which was signed by Charles H. Thompson, as foreman, and by 11 other of the aforesaid jurors. After the aforesaid verdict was read, the court, upon its own motion, entered an order setting the aforesaid verdict aside and remanding the above-entitled cause for a new trial. On May 20th, following the same judge made this order, which was entered on the journal:

"This matter coming on to be heard, and it appearing to the court that heretofore, and on the 14th day of April, 1915, after a trial had been had in the above-entitled cause before a jury and this court, a verdict was returned in favor of the defendant above named and against the plaintiff above named; and it further appearing to the court that after said verdict had been received and read on said 14th day of April, 1915, the court did then and there order that said verdict be filed, and that judgment be rendered and entered upon said verdict, and the court did then and there, of its own motion, make a further order that said judgment so rendered and entered upon said verdict be set aside, and that plaintiff have a new trial in said cause; and it further appearing to the court that, through inadvertence and mistake, judgment was never rendered or entered upon said verdict as ordered by the court, and the court being fully advised in the premises, it is hereby ordered that judgment be and the same is hereby rendered and entered upon said verdict in favor of the defendant and against the plaintiff herein, and that the defendant have and recover of and from the plaintiff its costs and disbursements incurred herein, taxed at $——, and that this order be entered *nunc pro tunc* as and of the 14th day of April, 1915; and after the verdict and judgment was entered the court of its own motion ordered that the judgment, and the verdict

upon which the judgment was predicated, was against all the evidence in the case, and that there was no evidence to support it, be and the same is hereby set aside, and the defendant take nothing thereby, and that a new trial of this case is ordered.''

Counsel move to dismiss, for the reason that the court had no jurisdiction to make this last order, and that, the judgment being void, there could be no appeal. This contention is based upon his construction of the orders above. It will be seen that there was no order of judgment entered when the verdict was received. The argument is that, under Section 201, L. O. L., if judgment is not entered on the verdict the day it is received, the court loses jurisdiction to render a judgment afterward. While there is a seeming contradiction, in that at first the court says that he did then and there order a judgment to be entered on the verdict, and afterward states that no judgment was rendered or entered, we think a fair construction of the order is that the court did find that a judgment was ordered on the verdict at the time it was received; otherwise, there would be no meaning to the order. If such order was made at that time, then even counsel admit the finding of the judgment given May 20th; but the court did not lose jurisdiction by failure to enter judgment on the rendition of the verdict. This question was before this court in *Skelton* v. *Newberg,* 76 Or. 126 (148 Pac. 53), where it was held, Mr. Chief Justice Moore writing the opinion, after a close review of the subject:

''We conclude, therefore, that Section 201, L. O. L., as amended, is not mandatory, and that the delay of 24 days in giving and entering the judgment after the verdict was returned was not so unreasonable as to deprive the court of power to determine the matter.''

In the case at bar the time was a few days longer between the receipt of the verdict and the giving of the order *nunc pro tunc;* but it was not unreasonable.

The motion to dismiss is therefore denied.

MOTION DENIED.

SECOND MOTION TO DISMISS ALLOWED.

---

'Argued September 22, reversed October 13, 1915.