Argued December 20, 1917, affirmed January 29, 1918.

# CITY OF PORTLAND v. BLUE.*

(170 Pac. 715.)

**Judgment—Entry Nunc Pro Tunc.**

1. In sewer construction reassessment proceedings, where no judgment was entered upon verdict in Circuit Court, and no order entered except an order discharging the jury, which, under section 179, L. O. L., defining a judgment as the final determination of the parties' rights, is not a judgment, but, on appeal to the Supreme Court, both parties assumed judgment was duly entered, the court could, two years thereafter, enter judgment on the verdict *nunc pro tunc*, notwithstanding Section 201, requiring the clerk to enter judgment on the verdict the day it is returned, for, the law leaving the court no discretion, it operates in lieu of formal action by the court as a direction to the clerk to enter judgment.

**Trial—Reassessment Proceedings—Verdict.**

2. In sewer construction reassessment proceedings, appealed to Circuit Court, a verdict for plaintiff, assessing benefits to defendants' property "the same as is set forth in" a city ordinance, which was in evidence, was not too indefinite, under the rule of liberal construction of verdicts.

**Municipal Corporations—Collection of Special Assessments.**

3. Under the Portland charter, it was proper for the Circuit Court, on appeal in sewer construction reassessment proceedings, to direct that a certified copy of the judgment for the city be sent to the city auditor for enforcement by the city of the liens adjudged.

**Appeal and Error—Harmless Error—Judgment.**

4. Where lack of entry of judgment in lower court was not discovered until after appeal was decided and mandate of appellate court was entered in journal of lower court, the unsuccessful appellants in the first appeal could not, on second appeal, object that the lower court was without power to set aside its order entering the mandate of the appellate court and to incorporate a new order to that effect in its *nunc pro tunc* judgment entry; such action working no injury to appellants, as they admitted liability for costs on prior appeal, and were called on to make but one payment thereof.

**Appeal and Error—Objection Below—Apportionment of Costs.**

5. In sewer construction reassessment proceedings under the Portland charter, the objection could not be first raised on appeal to the Supreme Court that the Circuit Court erred in giving a joint and several judgment against all the defendants for Circuit Court costs instead of apportioning these costs between the defendants under Portland City Charter, § 402, as to costs in Circuit Court.

From Multnomah: GEORGE N. DAVIS, Judge.

*Authorities discussing the question as to entry of judgment *nunc pro tunc* are collated in a note in 20 **L. R. A.** 143.     REPORTER.

Department 2.   Statement   by   MR.   JUSTICE   Mc-
CAMANT.

A former appeal taken in this cause was heard and
determined: See 77 Or. 131 (149 Pac. 548).   It is unnec-
essary to restate the facts set out in the former opinion.
The mandate of this court was entered in the journal
of the lower court August 6, 1915.   Thereafter it was
discovered by counsel for the city that the judgment
from which defendants had appealed was not entered in
the journal.   The misprision was called to the atten-
tion of the court and on April 13, 1916, a judgment was
entered assessing the properties of defendants in the
sums specified in Ordinance No. 24,280, a certified copy
of which was in the record.   Judgment was given in
favor of the city and against the defendants and their
surety on appeal to the Circuit Court for $193.55, plain-
tiff's costs in the lower court, and against defendants
and their surety on appeal to this court in the sum of
$45.30, plaintiff's costs in this court.   Defendants ap-
peal from this judgment.                      AFFIRMED.

For appellants there was a brief over the names of
*Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* with
an oral argument by *Mr. Duniway.*

For respondent there was a brief over the names of
*Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman
E. Latourette,* Deputy City Attorney, with an oral
argument by *Mr. Latourette.*

MR. JUSTICE McCAMANT delivered the opinion of the
court.

1. The verdict of the jury which tried this cause was
rendered and filed March 30, 1914.   It is claimed that
the court was without power to enter judgment on this

verdict April 13, 1916. Authorities are cited to the effect that on the expiration of the term at which a judgment is rendered, the court's control over the judgment lapses. These authorities are without relevancy because in this case no order was entered on the rendition of the verdict except an order discharging the jury. This order was not a judgment: Section 179, L. O. L.

It is provided by Section 201, L. O. L.:

"If the trial be by jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned."

The statute leaves no discretion in the trial court; its duty is clearly pointed out. The successful litigant should not suffer because the court has neglected to obey this provision of the law. *Actus curiae neminem gravabit.* It is held that where a confession of judgment is filed and there is an omission of the entry of the judgment in the journal, the rights of the judgment creditor will be protected by a *nunc pro tunc* order: *Davidson* v. *Richardson,* 50 Or. 323, 327 (89 Pac. 742, 91 Pac. 1080, 126 Am. St. Rep. 738, 17 L. R. A. (N. S.) 319) ; *Doughty* v. *Meek,* 105 Iowa, 16 (74 N. W. 744, 67 Am. St. Rep. 282) ; *Risser* v. *Martin,* 86 Iowa, 392 (53 N. W. 270). In the last of these cases it is said:

"The law operated in lieu of formal action by the court as a direction to the clerk to enter judgment."

We think that this principle is equally applicable to the case at bar. The case falls without the doctrine of *Grover* v. *Hawthorne,* 62 Or. 65, 75 (116 Pac. 100, 121 Pac. 804) ; *Frederick & Nelson* v. *Bard,* 66 Or. 259, 262 (134 Pac. 318), and *National Council* v. *McGinn,* 70 Or. 457, 461 (138 Pac. 493). The presumption that judgment was rendered in the case at bar is strengthened by defendants' appeal therefrom and by the fact that on

appeal both parties assumed that the judgment was duly entered. It was therefore within the power of the Circuit Court to enter judgment *nunc pro tunc*.

It has been held that the portion of Section 201, L. O. L., quoted above is not mandatory, but directory: *Skelton* v. *Newberg*, 76 Or. 126, 136 (148 Pac. 53); *Fisher* v. *Portland Ry., L. & P. Co.*, 77 Or. 529 (151 Pac. 735). While the judgment in this case was entered after the lapse of a longer time than in the above cases, the defendants have not been prejudiced by the delay. They are taking advantage of the situation to raise on this appeal certain questions which were not mooted on the previous appeal.

The case of *People* v. *Petit*, 266 Ill. 628, 632 (107 N. E. 830), involved the construction of a statute which directed the clerk to enter judgment "before the final adjournment of the term or as soon thereafter as practicable." The statute imposed on the clerk a fine for failure "to enter of record any order by or before the next term after it is rendered." The judge's docket showed that on October 17, 1913, a verdict was received and judgment was ordered on the verdict. This judgment was not entered until December 4th. The verdict had been received at the September term of the court. The October term of the court intervened and no action was taken in the premises. The entry was not made until the December term. The Supreme Court said:

"The penalty for such failure was made to fall upon the clerk by way of fine, and it was not intended that a heavier penalty should fall upon litigants by the loss of the results of their litigation. There is no such limit of time as counsel urge, upon the authority of the clerk to enter the judgments, decrees and orders made by the court."

The court was justified in entering judgment in the case at bar on April 13, 1916.

2. It is next contended that the verdict was too indefinite. The verdict was in the following form:

"We, the jury in the above-entitled cause, find for the plaintiff, and assess the benefits to the property of defendants the same as is set forth in Ordinance No. 24,280 of the City of Portland."

The ordinance referred to had been received in evidence. In *Lew* v. *Lucas*, 37 Or. 208, 212 (61 Pac. 344), Mr. Justice BEAN says:

"A verdict should be construed liberally and not under the technical rules of construction which are applicable to pleadings; and, if the meaning of the jury can be ascertained and the point in issue can be concluded from its verdict the court will, however informally it may be expressed, mold it into form, and make it serve."

In *Consolidated Gold etc. Min. Co.* v. *Struthers*, 41 Mont. 565, 569 (111 Pac. 152), it is said:

"A verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury. In arriving at this intention, reference may be had to the issues made by the pleadings, the instructions submitted by the court, and the evidence introduced at the trial; and if by a fair and reasonable construction of it, in view of the whole record, the intention of the jury is manifest it should be allowed to stand."

In *Pittsburgh C. C. & St. L. R. Co.* v. *Darlington's Admr.*, 129 Ky. 266, 271 (111 S. W. 360), it is said:

"Courts view the findings of the jury with great leniency, and every reasonable presumption is indulged in aid of a general verdict. The main thing is to get an understanding of what the jury intended. Their intent is to be sought for in the language they used in their verdict, interpreted in the light of the record. Resort may be had to the pleadings or other parts of the record to see what the jury meant by their verdict."

The verdict in this case and the judgment which conforms thereto are sufficient within the rule announced in these authorities.

3. It is contended that the Circuit Court erred in directing that a certified copy of the judgment be sent to the City Auditor for enforcement by the city of the liens adjudged. This practice is approved in *West* v. *Scott-McClure Land Co.*, 84 Or. 296, 301 (164 Pac. 554), and *Elliott* v. *City of Portland,* decided December 27, 1917.

4. Defendants also contend that the lower court was without power to set aside its order entering the mandate of this court and to incorporate a new order to that effect in its judgment entry. It is unnecessary to notice this contention because the action complained of worked no possible injury to defendants. They do not dispute their liability for Supreme Court costs and they are called upon to make but one payment of these costs.

5. It is provided by Section 402 of the Portland charter of 1903, which is still in force and applicable to this proceeding:

"If the judgment assessed by the jury against any appellant be not less than that fixed in the assessment appealed from, the judgment, in addition to declaring the assessment found, shall be entered against such appellant and his sureties for his proportion of the costs of such appeal."

The lower court gave a joint and several judgment against all of these defendants for Circuit Court costs. It is claimed that the costs should have been apportioned between the defendants, but we are not advised of the basis of the apportionment contended for. The record fails to show that this matter was called to the attention of the lower court or that the point relied on is reserved in any way. This circumstance precludes

our consideration of the question: *State v. Anderson,* 10 Or. 448; *State v. Abrams,* 11 Or. 169 (8 Pac. 327); *United States Mortgage Co. v. Marquam,* 41 Or. 391 (69 Pac. 37, 41); *Stoddard Lumber Co. v. Oregon-Wash. R. & N. Co.,* 84 Or. 399, 418 (165 Pac. 363).

The judgment is affirmed.                                    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.