Argued at Pendleton, October 31, 1922, reversed and remanded
February 20, motion to modify denied and costs taxed March
20, costs retaxed May 1, 1923.

# SHERIDAN v. PACIFIC STATES FIRE INSURANCE CO.

### (212 Pac. 783.)

**Forfeitures not Favored by Law.**

1. Forfeitures are not favored by the law, and the evidence to
establish them should be clear and conclusive.

**Insurance—Clause in Fire Policy Prohibiting Assignment Before
Loss Held not to Forbid Mere Conditional Transfer to Creditor.**

2. A clause in a policy of insurance, which in general terms
prohibits its assignment before loss, should be construed as only
intending to prohibit a complete and absolute divestiture of title
by the insured, and not a mere conditional transfer to a creditor,
which in effect would only give the creditor a lien on the proceeds
of the policy in the event of loss, to secure his unpaid indebtedness.

**Insurance—Bill of Sale of Insured Property by Insured to Creditor
to Secure Debt Held not Assignment Thereof.**

3. Where, during the life of fire insurance policy, the insured
borrowed money upon the property and executed and delivered a
bill of sale therefor, together with the insurance, the instrument
*held* not such an assignment of the policy as rendered it void.

**Insurance—Instruction as to the Effect of Interest of Another in the
Insured Property Held Proper.**

4. In an action on a fire insurance policy, where there was only
slight evidence that the widow of another person had an interest
in the insured property, an instruction that, if the jury found that
such widow had any interest in the property when the insurance
was taken out, or any interest in the insured property, it must
find for the defendant, *held* quite as favorable to insurer as was
warranted.

**Insurance—Instruction That Value of Insured Property in Policy
must be Deemed Value at Time of Its Destruction Held Errone-
ous.**

5. In an action on a fire insurance policy, an instruction that
the value placed upon the building in the policy should be deemed
the value thereof at the time of its destruction *held* erroneous as
permitting the recovery of more than the cost of repair or replace-
ment, contrary to Section 6457, Or. L., which impliedly repeals
Section 6458, under which the instruction would have been correct.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

T. R. Sheridan was the owner in fee of a lot
situate in the town of Homestead in Baker County,

Oregon, and of a composition frame building thereon and of the fixtures and a stock of merchandise in the building, also other personal property hereinafter mentioned. On August 5, 1921, he insured the same in the defendant company for $3,200, and on September 13th of that year the insured ·property was wholly destroyed by fire.

During the life of the policy the plaintiff borrowed $225 from one A. P. Carnahan and at the time of procuring said loan executed and delivered to Carnahan the following instrument:

"Notice
"To Whom It May Concern:
"I hereby give unto A. P. Carnahan this bill of sale of my buildings, lot and fixtures together with the insurance, for the sum of $225, the receipt of which is hereby acknowledged. Said building, lot and fixtures are my dance hall in Homestead, Oregon. It is further agreed that I have the privilege of redeeming this bill of sale any time within fifty days from the date of this bill of sale for the consideration of $225, or agree to forfeit a deed to said lot and fixtures."

This instrument was recorded in the office of the county clerk, and the loan had not been repaid at the time of the fire.

The defenses actually urged here, except certain objections to testimony which will hereafter be noted, are: first, the ruling of the court practically excluding from the consideration of the jury the paper above quoted; second, certain instructions of the court relating to the claim of defendant that Josephine Sheridan, the widow of plaintiff's brother, had some interest in the insured property; and third, the application of Section 6458, Or. L. (Olson's Comp.) as the measure of plaintiff's recovery.

There was a verdict with judgment for plaintiff for the sum of $3,100, from which the defendant appeals.

REVERSED AND REMANDED.   MOTION TO MODIFY DENIED AND COSTS TAXED.   COSTS RETAXED.

For appellant there was a brief and oral argument by *Mr. Gus. C. Moser.*

For respondent there was a brief over the name of *Messrs. Nichols & Hallock,* with an oral argument by *Mr. Blaine Hallock.*

McBRIDE, C. J.—We will consider the principal objections in the order named. It is difficult to characterize the instrument given by the plaintiff to Carnahan as a mortgage upon real estate. It lacks the requisites of witnessing by witnesses and acknowledgment, and would probably be ineffective either at law or in equity. Also, as the statute requires the same formalities for a chattel mortgage, the same objections would apply to that view of the case. It is a crude attempt perhaps, by men ignorant of the law, to create a real estate mortgage. As such it would not be enforceable.

1. It is to be contended by the defendant that the words "together with the insurance" amount to an assignment of the policy and as such would render the policy void, as by the terms of it any assignment of the policy without the consent of the insurance company has that effect. It will be seen that by its terms it does not attempt to assign the policy and no actual assignment is shown. It is hornbook law that the courts do not favor forfeiture and that the evidence to establish a forfeiture should be clear and conclusive.

2. A clause in a policy of insurance which in general terms prohibits its assignment before loss, should be construed as only intending to prohibit a complete and absolute divestiture of title by the insured, and not a mere conditional transfer to a creditor, which in effect would only give the creditor a lien on the proceeds of the policy in the event of loss, to secure his unpaid indebtedness: 26 C. J. 267, note 59; *Scottish Union Insurance Co.* v. *Andrews,* 40 Tex. Civ. 184 (89 S. W. 419); *Manchester Fire Ins. Co. v. Koerner,* 13 Ind. App. 372 (40 N. E. 1110, 41 N. E. 848, 55 Am. St. Rep. 231); *Bibend* v. *Liverpool Ins. Co.,* 30 Cal. 78; *Merrill* v. *Colonial etc. Ins. Co.,* 169 Mass. 10 (47 N. E. 439, 61 Am. St. Rep. 268); *Bullman* v. *North British Ins. Co.,* 159 Mass. 118 (34 N. E. 169); *Bidwell* v. *St. Louis etc. Co.,* 40 Mo. 42; *Ellis* v. *Kreutzinger,* 27 Mo. 311 (72 Am. Dec. 270); *Pennsylvania Ins. Co.* v. *Phoenix Ins. Co.,* 71 Pa. 31; *Griffey* v. *New York Central Ins. Co.,* 100 N. Y. 417 (3 N. E. 309, 53 Am. Rep. 202); 26 C. J. 134, Section 157.

3. We conclude that there was no such assignment of the policy as renders it void, and indeed no assignment whatsoever.

4. The second objection relates to the instruction given by the court in regard to the interest of Mrs. Josephine Sheridan in the property. There is very slight evidence, if any, tending to show that she has any such interest in any of the property insured. It appears from the testimony that Silas Sheridan, the brother of the plaintiff and husband of Josephine, at one time was associated with the plaintiff in carrying on the business operated by plaintiff, which was a dance-hall with a merchandise annex. The only

evidence, however, of his interest in it is given by the admissions of plaintiff that Silas Sheridan was to carry it on for a time and repay himself the loan of $700 which he had made to plaintiff, from the proceeds of the business. It also appears that they were to share the profits. During this time the property was insured in the name of Sheridan Brothers. Later, the debt being paid, the plaintiff claims, and there is no evidence to contradict him, that the arrangement terminated and plaintiff resumed his status as sole proprietor of the business, but with an admitted interest of his brother Silas in some uncollected accounts and a few items of personal property which were not included in the insurance. It further appears that after plaintiff resumed control of the business a return was made to the assessor, of the whole property, real and personal, in the name of Sheridan Brothers. And this constituted some testimony to go to the jury that Silas Sheridan had some interest in the business, although admittedly he had no interest in the real estate. Beyond the testimony of the plaintiff himself at to the interest of Silas in some of the uncollected accounts and certain personal property not covered by this insurance, it is not apparent that Silas had any interest in the property whatsoever. The mere fact that the property was assessed for the succeeding year as it had been before, in the name of Sheridan Brothers instead of T. R. Sheridan, is not conclusive that Silas owned any part of it, and indeed is very slight evidence of such fact. Even if T. R. Sheridan for business reasons saw fit to connect his brother's name with his own in carrying on the business when in fact the brother owned no such interest, this would

107 Or.—19

not create any ownership in Silas, although it might be some evidence of an interest.

It appears from the testimony that Silas Sheridan died after this insurance was taken out and there was some discussion between plaintiff and Josephine as to the interest of Silas in certain personal property not mentioned in the policy and in some accounts which were uncollected. This is as far as the testimony goes. The court directly instructed the jury in effect that if it found that Josephine had any interest in the property when the insurance was taken out, or any interest in the insured property, it must find for the defendant. The instruction went quite as far in favor of the defendant as the testimony warranted, and we find no reversible error on this account.

5. We come now to the last proposition, the objection that the court instructed the jury in substance that the value placed upon the building in the policy should be deemed the value thereof at the time of its destruction. This was undoubtedly the law as enacted in 1893: Section 6458, Or. L. But Section 6457, which was enacted in 1911, clearly repeals by implication Section 6458. The first condition specified in the later enactment is as follows:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality."

As the evidence in regard to the amount of the loss was somewhat conflicting, the giving of this in-

struction was a material error, which necessitates a reversal of the case.

Other errors in relation to the admission of testimony are plausibly urged, but with this exception we do not deem them of such materiality as would justify a reversal, even if well taken. But for the error above noted, we are reluctantly compelled to reverse the judgment of the Circuit Court and remand the cause for a new trial.

REVERSED AND REMANDED.  MOTION TO MODIFY DENIED AND COSTS TAXED.  COSTS RETAXED.