Motion to dismiss appeal denied May 1; argued October 21; modified
December 2; rehearing denied December 30, 1930

# HABERLY *v.* FARMERS' MUTUAL FIRE RELIEF ASSOCIATION

### (287 P. 222, 293 P. 590, 294 P. 594)

*B. G. Skulason,* of Portland, for appellant.

*Custer E. Ross* and *W. C. Winslow,* both of Salem, for respondent.

PER CURIAM. This matter comes on for hearing on the motion of plaintiff to dismiss the appeal of

defendant. The motion is based on the claim that the notice of appeal was not served in time. The verdict in the circuit court was returned by the jury on the 3d day of October, 1929. The judgment on the verdict from which the appeal is taken should have been entered within a day thereafter or not later than the 4th of October, 1929. It was not entered until the 8th day of that month. The notice of appeal was served by depositing the same in the postoffice on the 4th day of December, 1929, properly addressed to attorneys for plaintiff at Salem, Oregon. The notice was not served, therefore, until the next day or the 5th day of December, 1929, though it was filed with the proof of service in the office of the clerk of the circuit court for Multnomah county on the 4th day of December: § 540, Or. L., as amended by the Legislative Assembly for the year 1927, chapter 17. Plaintiff contends that inasmuch as the law requires the judgment on the verdict to be entered within the day the verdict was returned that the time for giving notice for appeal began with the 4th day of October, 1929, and not having been served until the 5th of December service was made too late, and the appeal must be dismissed: *Strickler v. P. Ry., L. & P. Co.,* 79 Or. 526, 527 (144 P. 1193, 155 P. 1195); *Oxman v. Baker County,* 115 Or. 436, 444 (234 P. 799, 236 P. 1040). The notice of appeal must be served within 60 days from the time the judgment was entered: § 550, Subd. 5, Or. L. The judgment was not entered until the 8th day of October, 1929.

■ Entry is defined in 1 Bouv. Law Dict., Rawle's Third Revision 1045, as:

"The placing on record the various proceedings in an action, in technical language and order. * * *

"In the law books the words entry and entered are frequently used as synonymous with recorded: 130 N. Y. 504. See 100 Ill. 484; 54 Cal. 519, 74 Ind. 59."

"The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict or findings, as distinguished from the entry of the judgment, which is the ministerial act of spreading it at large upon the record. Upon its rendition, and without entry, a judgment is final, valid, and enforceable, as between the parties, in the absence of any statute to the contrary, although for many purposes entry of the judgment is also essential": § 175, 34 C. J. 44-46.

"The return and recording of a general verdict under the direction of the court is generally a sufficient rendition of judgment; no further action on the part of the court is necessary, and it is the ministerial duty of the clerk to enter the proper judgment upon the verdict. Such entry is theoretically in accordance with the direction of the court, although in actual practice the entry is usually made by the clerk without any specific direction of the court to that effect": § 177, 34 C. J. 47; § 182, 34 C. J. 54, note 49.

It will be seen from these citations of authority that the entry of a judgment is a ministerial act, not judicial. For that reason a judgment is valid though it be not spread upon the record.

"The statute leaves no discretion in the trial court; its duty is clearly pointed out. The successful litigant should not suffer because the court has neglected to obey this provision of the law." *City of Portland v. Blue,* 87 Or. 271, 273 (170 P. 715).

■ In that case the court held, in an able opinion written by Mr. Justice McCamant, that where a judgment had been rendered by the circuit court of Multnomah county, an appeal to this court taken and the case decided, and after the mandate from this court had been sent to the circuit court, it was discovered that the judgment appealed from had never been entered. An order nunc pro tunc directing the entry of the judg-

ment as required by law was sustained. It is not the date on which the judgment was rendered but the date it was *entered* from which is reckoned the time for taking an appeal. The language of the statute is ''sixty (60) days from the entry of the judgment, order or decree appealed from.'' § 550, subd. 5, Or. L.

■ It was the duty of the clerk to have entered the judgment on the 3d or the 4th day of October, but defendant desiring to appeal should not suffer because the clerk did not attend promptly to his duty in that regard. Defendant had a right to serve and file his notice of appeal within 60 days from the date the judgment was entered. The judgment was a valid subsisting judgment though not entered. Were this not so the entry of a nunc pro tunc order, as was done in the *City of Portland v. Blue,* above, would not have validated an appeal taken before the judgment was entered. It was assumed by both parties to the Blue case that the judgment had been regularly entered. It was within the authority of the court to direct its entry more than two years after it was rendered because the entry was a ministerial act. The statute makes the date of the *entry* the act from which time is reckoned for taking an appeal. The statute controls.

■ In the instant case the clerk delayed entry of the judgment a few days. Appellant had a right under the law to rely on the record of the *entry* of the judgment as the statute prescribes. An appeal taken before the judgment is entered is irregular, but not fatal as clearly appears from *City of Portland v. Blue,* above. As further supporting the conclusion we have reached see *Fisher v. Portland Ry., L. & P. Co.,* 77 Or. 529 (151 P. 735).

The motion to dismiss is denied.

McBride, J., absent.

## On the Merits
### (293 P. 590)

■ KELLY, J. In view of the record, the questions for review on this appeal are very limited. No assignments of error have been made by reason of the admission or rejection of testimony. No exceptions were taken to the instructions of the court. The motion for a new trial was not presented to the trial court for disposal.

In this state of the record, we have only to decide whether the complaint supports the verdicts and judgment: *Marks v. First National Bank,* 84 Or. 601 (165 P. 673).

■ The complaint alleges that defendant made, issued and delivered to plaintiff's ward, W. J. Haberly, its fire insurance policy No. 30193, which said policy provided, among other things, as follows:

"The Farmers Mutual Fire Relief Association of Portland, Oregon, in consideration of the stipulations herein named and of the agreement by the insured to comply with the special regulations contained in the constitution and by-laws printed on page three herein, and of the payment of One ($1.00) Dollar policy fee and Twenty-eight ($28.00) Dollars application fee, and all installments as they become due, does insure W. J. Haberly for the term of five (5) years from the 10th day of March, 1925, at noon to the 10th day of March, 1930, at noon, against all direct loss or damage by fire or lightning except as provided in the conditions referred to herein, to an amount not to exceed Eight Thousand ($8,000.00) Dollars, on the following described property while located and contained as described herein and not elsewhere, towit: * * * * * On

Barn No. 1, $2500.00; on grain (2/3 mkt. value) while therein, $500.00; on hay (2/3 mkt. value) while therein, $250.00; on harness while therein, $100.00; on horses (at $100.00 each) while therein, $550.00; on cows ($50.00 each) while therein, $100.00 * * * * * Concurrent insurance to the amount of $8,000.00 in the Farmers Mutual Fire Relief of Butteville is hereby granted. * * * * Situated (except as otherwise provided) on and confined to premises owned and (or) occupied by the insured, towit, 455 acres in section 2, twp. 7 south, range 1 west, in Marion County, State of Oregon.''

The complaint also alleges that the barn referred to in said policy was of the reasonable value of $5,000.

The complaint fails to allege the terms and conditions of the policy applicable when concurrent insurance is procured; but does allege that concurrent insurance allowed was obtained from the Farmers Mutual Fire Relief of Butteville.

After verdict, we are justified in having recourse to the policy itself, not in the sense of examining the evidence in the case, but in the nature of an aid in construing the complaint. The policy was introduced by plaintiff who thereby vouched for its accuracy, and was received in evidence without objection on the part of the defendant. We do not, however, give it evidential value. It serves only to render plaintiff's complaint complete.

Section 10 of defendant's by-laws is set forth on page three of this policy as follows:

''Any member wishing to carry additional insurance in any other company must obtain the consent of the association in writing, and in such cases where consent is given, the association shall be liable only for its pro rata amount of the actual two-thirds of the cash value of the property at the time of a loss.''

■ At this point we are confronted with the contention that Or. L., § 6458, being the valued policy provision of the code enacted in 1893, and which was declared by this court to have been impliedly repealed by Or. L., § 6459 (*Sheridan v. Pacific States Fire Insurance Co.,* 107 Or. 285, 212 P. 783), was reenacted by virtue of the final sentence of Or. L., § 6386, which reads as follows:

"Nothing herein contained shall be deemed to repeal or modify section 6458."

We cannot agree with this contention.

"The mere reference to a repealed act or section as still in force, or the supposition or assumption on the part of the legislature that such act or section remains in force, does not affect the repeal or restore the law." 1 Lewis' Sutherland Statutory Construction (2d Ed.) 573, § 295.

In a special verdict, the jury assessed the value of the barn at $7,000. Judgment was rendered for one-third (one-half of two-thirds) of the total value of the destroyed property, as assessed by said special verdict.

We think that as to the difference between the amount of $5,000, alleged in the complaint to be the value of the barn, and the amount of $7,000, found by the jury in its special verdict to be its value, such verdict and the judgment based thereon are not supported by the complaint. In the state of the record the maximum recovery, which could be had for the destruction of the barn in question, is one-third of $5,000. The jury obviously awarded one-third of $7,000.

The judgment rendered is modified by reducing the amount recovered by plaintiff as damages to $2,166.67; and, as thus modified, it is affirmed. Appellant to recover costs on appeal.

CoSHOW, C. J., BELT and RAND, JJ., concur.

Petition for rehearing denied December 30, 1930
ON PETITION FOR REHEARING
(294 P. 594)

■ KELLY, J. In a petition for rehearing we are told that, in its original decision herein, the court "overlooked and disregarded the plain mandate of statutes relating to variance between pleading and proofs." These statutes would be applicable if the questions to be decided had reference to the admissibility of testimony or the adequacy of proof. No such questions are presented here. To examine the records of a case for the purpose of determining such questions, where no objections nor exceptions are taken in the court below, would constitute this court a reviewing tribunal of every feature of every case brought here only by a transcript of the testimony. This would be unfair to the prevailing party, unjust to the lower court, and unspeakably onerous to this court; hence, the doctrine, that in such a state of the record, this court has only to decide whether the pleading supports the judgment.

■ It is neither a new nor strange doctrine that in actions at law there must be a pleading to support a judgment: *Lebb v. Peabody,* 103 Or. 405, 415 (205 P. 819); *Almada v. Vandecar,* 94 Or. 515, 518 (185 P. 907). In the case of *Olds v. Von der Hellen et al.,* 127 Or. 276, at p. 293 (263 P. 907, 270 P. 497), the rule is concisely stated thus:

"A plaintiff is never allowed more than he demands in actions for damages. Plaintiff is bound by his admission and allegations respecting the insurance, and the court should not deny defendants the benefit thereof."

Respondent should have alleged the terms of the policy applicable to the state of facts set forth in her complaint: 26 C. J., 489, § 690, note 68 and cases cited:

11 Ency. of Pl. & Pr. 413, notes 3 and 4. An entire failure to comply with this rule would have restricted the recovery to nominal damages only.

In the original opinion, we applied the rule of construction which declares that to be certain which may be made certain. Guided by that rule, we gave heed to the reference in the complaint to the policy in suit by serial number and date of execution; and considered the policy itself, which was introduced by plaintiff and not objected to. Thus construing the complaint, we held that, after judgment, it is sufficient to support the verdicts and judgment, except as stated. We adhere to that holding.

The judgment we rendered, however, if not modified, will have the effect of denying respondent the right of a retrial. We think that, if respondent desires a retrial of this case, we should so direct.

The motion for a rehearing will be denied without prejudice to a motion by respondent for a modification of the judgment entered by this court to the effect that the cause be remanded to the lower court for a retrial, provided that said motion for such modification shall be filed on or before ten days hereafter; and it is ordered that issuance of mandate herein shall be withheld for ten days for the purposes of such motion.

■ Respondent suggests that the point on which this court modified the judgment of the trial court was not presented to the trial court, and, if it had been presented, there is a presumption that the trial court would have followed the law and no appeal would have been necessary. We have no inclination to minimize the difficulty confronting the learned and experienced trial court in passing upon the validity in whole or in part of the special verdict in this case; yet, in all cases when

a verdict is tendered the question of the sufficiency of the pleadings to support such verdict is presented.

■■■■■ Upon respondent's objections to appellant's cost-bill, it is urged that the item of $160.20 claimed for transcript of testimony was not necessary to present any matter presented on this appeal. As a matter of evidence this is true, and as a matter of procedure, where no exceptions have been taken, there need be no bill of exceptions; but without the policy of insurance to which plaintiff referred in her complaint, this court would have been unable to have given a construction to such complaint, which would support a judgment for more than nominal damages. The policy in question came to this court as part of the transcript of testimony, which transcript of testimony is attached to and made a part of a bill of exceptions. For this reason we think that respondent's objections to the expense attendant upon presenting such transcript and bill of exceptions is not well taken.

■■■ As to respondent's objections to the item of $67.60 premium for stay bond, we think appellant is entitled to this item, because it was incurred to prevent an execution upon an excessive judgment.

Motion for rehearing overruled without prejudice to a motion to remand.

Objections to cost-bill overruled.