Argued January 17; affirmed January 30, 1940

# VADER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(98 P. (2d) 714)

Department 1.

Oliver Crowther, Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. S. Emmons and H. Lawrence Lister, Assistant Attorneys General, on the brief), for appellant.

Victor R. Griggs, of Portland (Clarence L. Fitzwater and Gunther F. Krause, both of Portland, on the brief), for respondent.

KELLY, J. Plaintiff alleges in his complaint, among other things, that on or about the 16th day of October, 1937, he sustained a personal injury by accident arising out of and in the course of his employment, by violent and external means by slipping and falling on a timber causing severe injuries to his lower back region and sacro-iliac joints. The commission denies that plaintiff suffered severe injuries to his lower back region and sacro-iliac joints.

There is no issue upon plaintiff's claim that he was injured at the time alleged, or upon his claim that at said time he was employed, as alleged in his complaint, and was then under the terms and provisions of the Workmen's Compensation Act.

Plaintiff was paid compensation for temporary total disability from the date of his accident until August 12, 1938. The final award of the commission recites that plaintiff suffered temporary total disability from October 16, 1937, for a period of nine months and eighteen and a half days entitling him to payment at the rate of $46.80 per month amounting to $454.50.

In making said final award, the commission made a finding to the effect that plaintiff had sustained permanent partial disability equal to eight and four-fifths degrees; and, on account of such permanent partial disability, the commission made the final award of $220 payable at the rate of $50 per month from August 12, to December 23, 1938, in full and final settlement of any and all claims arising out of said accident.

The trial court reversed and set aside the commission's final award; remanded the case to the commission and ordered the commission to make and enter a new order reopening plaintiff's claim for such further medical treatment as his condition may indicate and the payment of compensation for temporary total disability as a married man, with two dependents, earning a wage of $3 per day, six days per week, from the 12th day of August, 1938, until such time as plaintiff's condition shall have become stationary, and at such time to fix the nature and extent of plaintiff's permanent disability, if any.

The main basis for the commission's appeal to this court from the award of the circuit court is the alleged insufficiency of the pleadings and evidence to sustain the trial court's award.

Dr. Wilmer C. Smith, a witness called by the commission, testified that he first saw plaintiff on March 18, 1938, then on April 1, April 15, April 29 and June 1.

This physician then was full time medical examiner of the commission supervising the treatment of patients in the physiotherapy department. Dr. Smith gave an affirmative answer to the question, ''And the last time you saw him, he was still totally disabled?''

As stated, the commission awarded plaintiff compensation for temporary total disability until August 12, 1938. At the trial in the circuit court on April 20, 1939, plaintiff was asked by the court,—''How does your back to-day compare with what it was in August of last year?'' The plaintiff answered,—''It is just a little bit sorer than it was.''

Plaintiff recounted many attempts on his part at light work, some of which lasted two or three days, some but a few hours and at least one such attempt continued about a week and a half. All these efforts were attended by discomfort and pain.

■ A point is sought to be made by the commission to the effect that total disability is not shown if it appears that the claimant can do any work. In this case, the treatment prescribed by the commission's physician was light exercise and work. This treatment was in progress during the nine months that the commission awarded plaintiff compensation for temporary total disability. We think that in taking such a course the commission acted properly and in accordance with the purpose of the Workmen's Compensation Act. The award of the trial court merely directs a continuation thereof.

The alleged insufficiency of the pleadings is based upon paragraph IV of plaintiff's complaint, a copy of which is as follows:

''That by reason of said accidental injury and as the proximate result thereof, plaintiff suffered a se-

vere strain of his back, tearing and wrenching the muscles, ligaments, tendons and nerves of his lower back and sacro-iliac joints; that plaintiff's back and sacro-iliac joints are very painful, he is unable to move or bend his back freely or to be on his feet for substantial periods of time during an ordinary working day and any activity causes his back to become worse and produces an inflammation, and that at the time said order and award were made plaintiff was still temporarily and totally disabled and was in need of further medical and surgical treatment and rest for an additional period of five months, which said treatment and rest plaintiff is informed and believes and alleges would improve plaintiff's condition and lessen his permanent disability; that after plaintiff's condition shall have become stationary, plaintiff is informed and believes and therefore alleges that his disability will be permanent and will constitute an injury known in surgery as a permanent partial disability equivalent to one hundred per cent of an arm.''

■ The trial court found that at the time of the trial plaintiff's condition had not yet become stationary and hence an award for permanent partial disability could not be made. We think that the trial court properly construed the allegation that the period of plaintiff's temporary total disability would be five months as merely an opinion which should be treated as surplusage. Certainly the commission was not misled. With its intensive experience and constant contact with injuries such as plaintiff sustained, the commission was fully aware that no one, not even its staff of splendid physicians and surgeons, could definitely and accurately prophesy as to the exact time in any given case when the condition resulting from such an injury would become stationary. In effect, plaintiff claimed in his complaint that his physical condition had not become stationary; that, until it did become sta-

tionary, he was entitled to an award for temporary total disability; that in his opinion such temporary disability would continue for five months; and that upon his condition becoming stationary and thereafter, in his opinion, he would be entitled to an award for permanent partial disability with a rating equivalent to 100 per cent of the disability resulting from the loss of an arm.

Plaintiff filed with the commission two applications for rehearing.

In his original application for rehearing plaintiff prayed as follows:

"Wherefore, claimant prays that his petition for rehearing may be allowed; that upon the rehearing he be permitted to introduce testimony in support of his claim; that your commission thereupon set aside the aforesaid order and award of August 15th, 1938 and enter a new order and award granting claimant compensation for temporary total disability from August 12th, 1938 to and including November 1st, 1938, *or until the termination thereof*, and permanent partial disability equivalent to the loss of function of an arm." (Italics supplied.)

The prayer in plaintiff's supplemental application for rehearing is substantially the same as the prayer above set out except the date January 12, 1939, appears in the prayer of the supplemental application where the date November 1st, 1938, appears in the above quoted prayer of plaintiff's original application.

In the alternative, these prayers ask for an award for temporary total disability until it (such disability) terminates; and then for permanent partial disability.

██ The prayer of plaintiff's complaint asks for compensation for five months' additional temporary total disability and for 100 per cent of the loss of func-

tion of an arm. It is true the prayer of the complaint was not granted by the trial court. No award was ordered for 100 per cent of the loss of function of an arm. We think that it cannot be determined that the award ordered by the circuit court is in excess of that which is asked in the prayer of plaintiff's complaint. Furthermore, after issue joined and the introduction in evidence by the commission of the applications, no violence is done by considering the prayers of plaintiff's applications for rehearing which we think may be construed as asking, in the alternative, for an award of temporary total disability until such temporary total disability terminates by reason of plaintiff's condition becoming stationary, and then for an award not in excess of permanent partial disability equal to 100 per cent loss of the function of an arm.

There was no alternative allegation of value in the case of *Haberly v. Farmers' Mutual Fire Relief Association*, 135 Or. 32, 287 P. 222, 293 P. 590, 294 P. 594. There, recovery was had for the destruction by fire of property alleged to be of the value of $5,000. No other recovery upon that phase of the case was sought. The amount awarded by the verdict was computed upon a valuation of $7,000. In the instant case, a continuing demand is alleged embracing not only a temporary total disability but also a claim for permanent partial disability.

Reference is also made by the commission to the fact that plaintiff and his wife were not living together at the time of plaintiff's injury, or during the period wherein he received compensation, or at the time of the trial in the circuit court. The commission contends that this should deprive plaintiff of an award as a workman having a wife. Section 49-1827.4, Oregon Code

Annotated Supplement 1935, dealing with temporary total disability and rates of compensation, among other things, provides that—

"When the total disability is only temporary, the workman shall receive during the period of such total disability:

\* \* \*

"4. If the workman have a wife or invalid husband and two (2) children under the age of eighteen (18) years, fifty-eight (58) per cent of wages, but not more than eighty-one dollars ($81.00) per month."

Section 49-1827.12, ibid, provides that—

"A husband or wife of an injured workman who has deserted and is living apart from said injured workman at the time of the injury shall not be a beneficiary under this act."

■ The testimony does not show desertion on the part of plaintiff's wife. There is no allegation in the commission's answer to the effect that plaintiff's wife had deserted him. There is no presumption of law to that effect. Mere physical absence of a wife from her husband does not prove desertion. To constitute desertion, such absence must be against the will, wish and consent of the husband.

The judgment of the circuit court is affirmed.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.