Argued November 3, 1976, appeal dismissed January 13, petition for
rehearing denied February 15, 1977

JOHNSON, *Appellant,*

*v.*

ASSURED EMPLOYMENT, INC. et al,
*Respondents.*

(No. 404-304, SC 24223)

558 P2d 1228

Rees C. Johnson, Portland, argued the cause for appellant. With him on the brief were David S. Shannon, and Shannon, Johnson & Sharp.

No appearance for respondents.

Before Denecke, C. J., and McAllister,* Holman, Tongue, Howell, Bryson,** and Bohannon, Justices.

HOLMAN, J.

---

*McAllister, J., retired December 31, 1976.
**Bryson, J., did not participate in the decision of this case.

**HOLMAN, J.**

Plaintiff brought this action to recover funds paid to defendants for the purchase of a franchise plus damages. The action was brought in two counts: the first count requested recovery under the Oregon Securities Law, ORS ch 59, and the second count sought recovery on a common law fraud theory.

The count brought under the Oregon Securities Law was segregated and tried and resulted in an order of dismissal entered on September 22, 1975. On the same day plaintiff filed a notice of appeal. Subsequently, on December 23, 1975, the trial court signed an order dismissing plaintiff's second count along with a counterclaim brought by defendants. This order recited that it was the result of a stipulation of the parties which provided that "Plaintiff's first cause of action (sic) is now on appeal to the Supreme Court and is not to be affected by this order of dismissal." No subsequent notice of appeal was ever filed.

Defendants have made no appearance and have not raised the issue of this court's jurisdiction. However, if this court has no jurisdiction, we should notice the defect on our own motion. The trial court's order dismissing plaintiff's first count brought under the Oregon Securities Law was not an appealable order under ORS 19.010(2)(a), which provides, in relevant part, as follows:

"Appealable judgments, decrees and orders; amount in controversy; appeals in special proceedings. (1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and *which in effect determines the action or suit so as to prevent a judgment or decree therein.*

"* * * * *." (Emphasis added.)

At the time the order dismissing the first count was entered, it did not finally dispose of the case "so as to

[ 13 ]

prevent a judgment or decree therein." Plaintiff's second count and defendants' counterclaim were yet to be disposed of. *Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 643-44, 485 P2d 18, 53 ALR3d 1276 (1971); *Ter Har v. Backus,* 256 Or 288, 473 P2d 143 (1970); *Dlouhy v. Simpson Timber Co.,* 247 Or 571, 431 P2d 846 (1967). Therefore, plaintiff's notice of appeal was premature. The order did not become appealable as a final disposition of the case until December 23, 1975, when plaintiff's second count and defendants' counterclaim were dismissed. No appeal was filed thereafter.

■ It should be noted that it was not possible for the parties to stipulate the jurisdiction of this court.

■ The issue is thus squarely presented whether a premature appeal will ripen into a proper appeal when the reason for prematurity is subsequently removed. The great weight of authority of both old and recent cases is that a premature appeal will not so ripen and that if the party attempting to appeal does not file a new notice of appeal when the impediment to ripeness is removed, the appellate court lacks jurisdiction. *Studer v. Moore,* 153 F2d 902 (2d Cir 1946); *Thomas v. Western Savings and Loan Association,* 6 Ariz App 511, 433 P2d 1003 (1968); *Worth v. Witt,* 62 Cal App 134, 216 P 90 (1923); *Moore v. Simpson Street Apartments, Inc.,* 124 Ga App 803, 186 SE2d 368 (1971); *Hood v. General Shoe Corp.,* 119 Ga App 649, 168 SE2d 326 (1969); *Guerreo v. Capitol Federal Savings & Loan Ass'n.,* 197 Kan 18, 415 P2d 257, 260 (1966); *M.S.S. Enterprises, Inc. v. Louisville Gas & Elec. Co.,* 445 SW2d 425 (Ky 1969); *Commonwealth, Department of Highways v. Stamper,* 424 SW2d 821 (Ky 1967); *Malbrough v. Kiff,* 312 So2d 915 (La App 1975); *Forman v. May,* 201 So2d 683 (La App 1967); *Hudson Building Supply Company v. Stulman,* 258 Md 304, 265 A2d 925 (1970); *Arteno v. Arteno,* 257 Md 227, 262 A2d 493 (1970); *Bouldin v. Bruce M. Bernard, Inc.,* 78 NM 188, 429 P2d 647 (1967); *McClellen v. Thompson,*

114 RI 334, 333 A2d 424, 428 (1975); *In re Pringle's Estate,* 51 Wyo 352, 67 P2d 204, 205, 110 ALR 987 (1937). *Also see* Elliott on Appellate Procedure 96, § 118 (1892).

The issue has never been ruled upon in Oregon. Two cases seem to admit the possibility that this court might not adopt the majority rule, but they do not decide the question because it was possible to avoid it. *See Lecher v. St. Johns,* 74 Or 558, 146 P 87 (1915), and *Giant Powder Co. v. Oregon Western Ry. Co.,* 54 Or 325, 327, 101 P 209, 103 P 501 (1909). In *Haberly v. Farmers' Mut. Fire Rel. Ass'n,* 135 Or 32, 36, 287 P 222, 293 P 590, 294 P 594 (1930), the court used the following language:

> "In the instant case the clerk delayed entry of the judgment a few days. Appellant had a right under the law to rely on the record of the *entry* of the judgment as the statute prescribes. *An appeal taken before the judgment is entered is irregular, but not fatal as clearly appears from City of Portland v. Blue,* above. * * *." (Emphasis in last sentence ours.)

The emphasized sentence was entirely gratuitous, unnecessary, and irrelevant to the decision.

The case of *City of Portland v. Blue,* 87 Or 271, 170 P 715 (1918), to which the quoted material refers, was one in which no judgment was entered in the trial court upon a jury verdict. At that time a ministerial duty to enter the judgment "within the day on which the verdict is returned" was placed upon the clerk. All parties overlooked the non-entry of the judgment, and the case was appealed to the Supreme Court. The appeal was disposed of and the mandate sent to the trial court and spread upon the record. It was then discovered that no judgment had ever been entered. The trial court set aside the mandate, entered a nunc pro tunc judgment as of the date of the return of the jury verdict and respread the Supreme Court's mandate upon the record. Another appeal was taken to the Supreme Court in an attempt to raise additional matters not raised in the original appeal. This court

would not entertain these additional matters upon the second appeal. There is nothing in *City of Portland v. Blue* which is relevant to the issue in the present case. There was no order in the present case which should or could have been previously entered.

Few cases discuss the reasons for the majority rule. However, the apparent reasons revolve around (1) conflicts of jurisdiction between the trial and appellate court which result during the period following a premature appeal and prior to the removal of the impediment to ripeness; and (2) the confusion concerning the date from which the time schedules for complying with appellate procedures run. Some judges discuss the problem as a technically procedural one, as did Learned Hand (with the concurrence of Jerome Frank) in the case of *Studer v. Moore,* 153 F2d 902, 903 (2d Cir 1946):

> "* * * Although it must be owned that the defect is purely formal, it concerns our jurisdiction, and, in spite of our first impression to the contrary, we see no escape from holding that, since the original appeal did not remove the cause, nothing done thereafter in the district court could supply its place. * * *."

It is our conclusion that the notice of appeal was premature and ineffective to create jurisdiction in this court, and, there being no appeal subsequent to the order which finally disposed of the litigation, this court does not now have jurisdiction.