### GALVESTON DRY GOODS COMPANY v. BEN BLUM.

Decided June 22, 1900.

**1. Garnishment—Answer of Garnishee Insufficient.**

The answer of a garnishee stated that the judgment debtor had conveyed to him as trustee for the benefit of five certain creditors, naming them and setting out the amounts due them respectively, two certain stocks of goods and all notes, bills and accounts due such debtor; that pursuant to the trust deed he had paid the first four of said creditors in full, which, together with the expenses of the trust, had exhausted all the funds and property. Held, that exceptions should have been sustained to the answer for vagueness and want of particularity as to the quantity and value of the property, and as to how, when, to whom, and for what purpose, the goods were sold, and upon what account in detail the proceeds were distributed.

**2. Conveyance in Fraud of Creditors—Fraud Not Vitiating Entirely.**

In a garnishment action against one who was trustee for the judgment debtor in a deed of trust for the benefit of certain creditors, it was error to charge that if such debtor made the deed of trust to hinder, delay, or defraud his creditors, or any of them, and the trustee (garnishee) knew of such intention, it was void and plaintiff was entitled to recover his debt of the garnishee, since such intention of the maker would not render the deed void as to secured creditors whose claims were bona fide, and who had no knowledge of the fraudulent intention.

**3. Trustee for Creditors Liable in Garnishment, When.**

A trustee for the benefit of creditors is bound to use, in administering the trust, the care and prudence a man of ordinary prudence would use in his own affairs, and if, through his failure so to do, the property is wasted, or fails to bring what it should have brought, he will be liable in garnishment to an unsecured creditor for the excess of the amount the property ought to have brought over the amount of the claims of secured and accepting creditors and the reasonable expenses of administering the trust.

APPEAL from the County Court of Galveston. Tried below before Hon. MORGAN M. MANN.

*J. Z. H. Scott* and *R. W. Smith,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment in a garnishment proceeding instituted by appellant against appellee as auxiliary to a suit brought by appellant against Pierce Levine on an account for $457.20. The original suit was filed on June 27, 1898, and

on same date a writ of garnishment was issued and served upon appellee.

On December 15, 1898, appellant recovered a judgment against Levine in the original suit for the amount sued for and all costs of suit. This case was tried in the court below on the 27th day of January, 1900, and resulted in a verdict and judgment in favor of appellee. The answer of the garnishee upon which this case was tried in the court below, after specifically denying the grounds of liability inquired of in the writ, sets out at length a deed of trust executed by Pierce Levine on the 25th day of June, 1898, by which he conveyed to appellee, as trustee for certain creditors therein named, two stocks of dry goods owned by said Levine, one in the city of Galveston and the other in the city of Beaumont, also all of the notes, bills and accounts due the said Levine. Appellee averred that prior to the service on him of said writ of garnishment the five creditors first named in the deed of trust had accepted the provisions of the same, and had notified appellee thereof; that pursuant to the requirements of said trust deed he had paid the first four of said creditors in full, and such payments, together with the expenses of administering the trust, had exhausted all the funds and property received by him under said trust deed. The names of the five creditors first named in said trust deed and the amount due each as set out in said answer, are as follows:

| | |
|---|---:|
| Johnson & Johnson | $    500.00 |
| Mrs. J. A. Coghlan | 150.00 |
| Island City Savings Bank | 4,057.36 |
| Ben Blum | 4,000.00 |
| Joe Lowenstein, guardian | 4,210.00 |
| Total | $12,917.36 |

To this answer appellant excepted for vagueness and want of particularity as to the quantity and value of the property received by appellee under said trust deed, and as to how, when, and to whom, and for what price, said goods were sold, and upon what account in detail, and when, the proceeds were distributed. The appellee testified that he paid to the four first named creditors the sum of $8707.36; for taxes, $355.14; other expenses $3000, making a total of $12,062.50; and that this amount exceeded the value of all the property received by him from said Levine, which he says only amounted to $11,000.

Appellant's first assignment complains of the ruling of the trial court in not sustaining the exception to appellee's answer above set out. We are of opinion that the exception to the answer should have been sustained. After the service upon appellee of the writ of garnishment he became, as to any effects in his hands belonging to Pierce Levine, a trustee for the appellant as well as for the creditors of Levine named in the trust deed, and when called upon by appellant to account for the property of said Levine received by him under said trust deed, it was his duty to make a full, clear, and explicit statement of the quantity and

value of the property so received by him, and of the disposition made of said property and its proceeds. This information was called for by the exception to the answer. Appellee must have been in possession of all the facts, and should have been required to have disclosed them.

Appellant's fourth assignment predicates error upon the refusal of the court to give the jury the following instruction:

"If you believe from the evidence that the trust deed made by P. Levine to Ben Blum was made to hinder, delay, or defraud the creditors of said P. Levine, or any of them, and that Blum knew or had reason to know of such intention, the trust deed was in law fraudulent and void, and plaintiff is entitled to recover of said Blum the value of the property by him taken under said trust deed, not to exceed the sum of $498.65, being the amount of plaintiff's judgment against said P. Levine with interest and costs accrued to this date, and you will find your verdict accordingly for plaintiff."

This instruction was properly refused, because not a correct statement of the law. The fact that the trust deed was executed for the purpose of hindering, delaying, and defrauding the creditors of said Levine would not make same void as to the creditors for whose benefit the same was made, whose claims were not fraudulent, and who had no knowledge of such fraudulent intent on the part of said Levine. The fact that such purpose and intent of Levine in making said trust deed was known to appellee, or ought to have been known to him from the attending facts and circumstances, would only render such instrument void as to the debt due appellee and sought to be secured thereby, and could not affect the rights of other bona fide creditors who had no knowledge of Levine's fraudulent intent. Sonentheil v. Guaranty and Trust Co., 10 Texas Civ. App., 274.

Appellant's sixth assignment of error complains of the refusal of the trial court to give the jury the following instruction: "You are instructed that in the preservation, custody, and disposition of the property taken by Ben Blum from Levine under the trust deed, Blum was bound to use the care and prudence which a man of ordinary prudence would use in his own affairs, and if, through his failure to use such care and prudence after the service of plaintiff's writ of garnishment on him, June 27, 1898, said property was wasted or failed to bring what it would have brought had such care and prudence been observed by Blum, then he is responsible to plaintiff for the excess of the amount said property ought to have brought by the use of such proper care and prudence over the amount of the claims of creditors, if any, who accepted said deed of trust before said garnishment was served, and the reasonable expenses of administering the trust, and you will find a verdict for plaintiff for the amount of such excess, if any, not to exceed the sum of $498.65."

We think this instruction contains a correct statement of the law applicable to the facts of this case, and should have been given. There was evidence sufficient to raise the issue as to whether the expenses

claimed by appellee were reasonable expenditures, and as to whether the amount claimed to have been realized by the sale of the goods was their reasonable value. It is the duty of a trustee to use ordinary care and prudence in the preservation and sale of goods intrusted to him to be sold for the benefit of others, and if by his failure to use that care which a man of ordinary prudence would use in conducting his own business of like character, any loss occurs to the beneficiaries of said trust, he would be liable to them for such loss.

We deem it unnecessary to consider the remaining assignments, because if any errors are therein pointed out, they are not such as, in view of the opinion herein expressed as to the general principles of law applicable to this case, will likely occur upon another trial.

For the errors above pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*