Motion to dismiss denied July 14, motion to dismiss allowed December 15, 1908, rehearing denied January 12, 1909.

## * QUARTZ GOLD MINING CO. v. PATTERSON.

[96 Pac. 551.]

APPEAL AND ERROR—UNDERTAKING—FILING—TIME.

1. Where an undertaking on appeal was filed by appellant without leave of court under mistaken interpretation of an order extending the time in which to perfect the appeal, it should not be dismissed, but appellant should be given permission to file a new undertaking.

SAME—TRANSCRIPT—FILING—TIME—ENTRY OF ORDER.

2. Where a transcript on appeal was filed within the time as extended by the trial court, it was sufficient notwithstanding the order extending the time, though made, was not entered within the time as originally extended.

JUDGMENT—ORDERS—ENTRY NUNC PRO TUNC.

3. When a judgment has been rendered or order made, and the clerk has neglected to enter it of record, the court may thereafter direct the judgment or order so rendered or made to be entered *nunc pro tunc*.

APPEAL AND ERROR—TRANSCRIPT—EXHIBITS—CERTIFICATION.

4. A transcript on appeal is not sufficient to present any question for decision, where the evidence and exhibits contained therein are not certified as having been used at the trial.

SAME—DISMISSAL—GROUNDS.

5. That a transcript on appeal was not properly certified was not ground for dismissal of the appeal, but only for an affirmance of the judgment.

SAME—TAKING APPEAL—MODE.

6. An appeal is taken by serving and filing a notice and undertaking, followed by the filing of an abstract with the clerk of the Supreme Court within the time required by law.

SAME—DEFAULT—EXCUSE—ILLNESS OF ATTORNEY.

7. Where appellant's transcript on appeal was not properly certified, and no abstract had been filed, but such failure was due to the serious illness of his counsel, the appeal should not be dismissed, but appellant should be relieved from his default, and allowed time in which to file an abstract.

From Multnomah: ARTHUR L. FRAZER, Judge.

### ON MOTION TO DISMISS.

*J. A. Beckwith* for the motion.

*H. W. Strong* and *Hayward H. Riddell, contra.*

PER CURIAM : This is a motion to dismiss an appeal and for an affirmance of the judgment. The notice of appeal was served on the 19th and filed on the 20th of December, 1907. On the 30th of the same month an order

---

of the court below was entered, extending the time "in which defendant may perfect his appeal" 30 days. The undertaking on appeal was filed January 24, 1908. On March 2d an entry was made *nunc pro tunc* of an order of the 21st of February, extending the time in which to file the transcript 30 days. On March 21st what purports to be a transcript was filed in this court, but contains no bill of exceptions or findings of fact by the trial court. Accompanying the transcript are two packages of papers and a record book, which would seem to have been used, or prepared for use, as evidence, but they are not certified to or in any way identified. Respondent moves to dismiss the appeal, because neither the undertaking nor the transcript was filed within the time required by law, and the evidence and exhibits are not duly certified, and, if this motion is not well taken, it moves for an affirmance of the judgment for a failure of appellant to file an abstract within the time required by the rules of this court.

1. The undertaking was filed without leave of the court, in reliance no doubt, on the order of December 30th extending the time in which to perfect the appeal, and, if appellant was mistaken in his interpretation of that order, the appeal ought not to be dismissed, but he should be given permission to file a new undertaking. The court has always pursued a liberal policy in relieving an appellant from default in this regard, and has even permitted an undertaking to be filed after the notice to dismiss has been submitted. *Mendenhall* v. *Elwert,* 36 Or. 375 (52 Pac. 22: 59 Pac. 805).

2. The transcript was filed within the time extended by the court below. It is true the order was not entered within the time.

3. But, when a judgment has been rendered or order made and the clerk has failed or neglected to enter it of record, the court has the power to thereafter order the judgment or order so rendered or made to be entered

*nunc pro tunc,* and this was done in the present cause.

4. The transcript on file is not sufficient to present any question for decision in this court. The evidence and exhibits are in no way certified as having been used in the trial in the court below, so that we could not re-examine the merits, and there are no findings of fact by the trial court in the transcript, and therefore we cannot determine whether the judgment as rendered is supported by the findings.

5. These defects, however, are not such as would call for a dismissal of the appeal.

6. An appeal is taken by serving and filing a notice and undertaking, followed by the filing of an abstract or transcript with the clerk of this court within the time required by law. If the transcript, so filed, is so defective that it presents no question for decision, the court on final hearing will, for that reason, affirm the judgment, but it cannot dismiss the appeal.

7. The appellant has not filed an abstract as required by the rules of this court, but it appears from affidavits on file that such failure was due to the serious illness of his counsel, and he is therefore entitled to be relieved from his default. *Chance* v. *City of Portland,* 26 Or. 286 (38 Pac. 68).

Motion to dismiss denied, and 20 days allowed in which to file abstract.                    MOTION DENIED.