Argued November 21, 1945; affirmed January 3, 1946

## JONES *v.* THOMPSON ET AL.

(164 P. (2d) 718)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY and LUSK, Associate Justices.

*William B. Murray*, of Portland, for plaintiff-appellant.

No appearance for defendants-respondents.

ROSSMAN, J.

This is an appeal by the plaintiff, Cecil Smith Jones, from an order of the circuit court which vacated a writ of review allowed by the same court upon the petition of the plaintiff. The vacated writ was directed to (1) the district court of this state for the county of Multnomah, (2) the clerk of that court, and (3) one Lillian B. Thompson, who was the plaintiff in a forcible entry and detainer proceeding in which the present plaintiff was the defendant. The writ of review was allowed November 28, 1944. The order which vacated it, and which is attacked by this appeal, was entered February 1, 1945, after the court had sustained a motion filed by the district attorney for Multnomah county acting on behalf of the district court and its clerk. A similar order was entered in response to a motion made by the aforementioned Lillian B. Thompson. Thus, there were actually two vacating orders. But since they are alike and since their joint effect was to vacate the allowance of the writ of review, we shall hereafter speak of them as the order.

From the petition it appears that

"April 15, 1944, Lillian B. Thompson filed a forcible entry and detainer complaint against Cecil Smith Jones for restitution of the premises described as * * *. Thereafter on April 15, 1944, summons was issued and served on Cecil Smith Jones on April 18, 1944."

Further averments of the petition indicate that when the action was tried Joseph P. Ruble, a member of the bar, appeared for Cecil Smith Jones, defendant in that action. It also appears that on May 3, 1944, a judgment was entered which awarded to the plaintiff in that

action, Lillian B. Thompson, restitution of the premises. The petition alleges that the judgment was ''signed by J. H. Hendrickson, Judge.'' We now quote further from the petition:

''On May 6, 1944, execution issued, * * *. Said cause was in truth and fact tried on the 21st day of April, 1944, * * *. Thereafter, Cecil Smith Jones filed a motion to set aside judgment of restitution on the 14th day of August, 1944 on the grounds and reasons that a copy of said judgment was not served on Cecil Smith Jones' attorney or on Cecil Smith Jones as provided by Rule 11 (a), adopted by the court for its government by order of November 3, 1939 providing that copies of all papers filed in a cause must be served on the attorney of the adverse party whenever such party has appeared by attorney; * * *. September 27, 1944, the court entered an order denying your petitioner's motion * * *. Your petitioner alleges that the court erred: First—In entering judgment of restitution without a copy thereof having been served upon your petitioner or her attorney of record as provided by Rule 11 (a) of the District Court pertaining to civil cases, which rules were adopted by the District Court by order entered November 3, 1939, which recites: 'Copies of all papers filed in a cause must be served on the attorney of the adverse party whenever such party has appeared by attorney.' ''

The plaintiff's brief thus states the contention which she submits to this court:

''The judgment of restitution of the District Court of May 3, 1944 is void for non-compliance with rule of court requiring service of copy on antagonist.''

Rule 11 (a) in its entirety follows:

''Copies of all papers filed in a cause must be served on the attorney of the adverse party when-

ever such party has appeared by attorney, or if there be no such appearance then on the party. No motion or issue of law shall be heard except by consent of both parties unless a copy thereof shall have been served; and any motion or demurrer in the files without service of copy thereon may be stricken therefrom on the oral motion of the opposite party.''

The question before us, therefore, is whether the alleged failure to have complied with the foregoing rule rendered the judgment entered in the forcible entry and detainer action void. The plaintiff does not claim that the district court lacked jurisdiction over the cause, and from the petition itself it appears that the court's jurisdiction over the parties is conceded. The sole contention made by the plaintiff-appellant is that the judgment which terminated the forcible entry and detainer action should have been served upon this plaintiff, who was the defendant in that action, and that the failure to have so served it rendered the judgment void.

██ The record does not indicate who drafted the judgment which Judge Hendrickson signed. From all that appears, it may be that Judge Hendrickson himself drafted the judgment. However, we deem that detail immaterial. Regardless of who drafted the paper, it contained no pronouncement of either party. As was said by Sir Edward Coke, three centuries ago, a judgment is ''the very voyce of law and right.'' Or, as expressed in the less elegant language of our code, ''A judgment is the final determination of the rights of the parties in the action.'' § 6-101, O. C. L. A. Section 93-411, O. C. L. A., says:

''The clerk of the court shall keep a permanent record of all * * * judgments, had or rendered in said district court, * * *.''

The application of the law to the facts in the form of the pronouncement of a judgment is the act of the judge, and is judicial. The entry of the judgment is the work of the clerk, and is ministerial.

 Without further analysis, it is clear that the words of the above-quoted rule, "all papers filed", upon which the appellant relies, were never intended to embrace the judgment pronounced by the court. The rule does not require that a copy of the judgment be served upon anyone. Certainly, Judge Hendrickson, after having signed the judgment, was not required to serve a copy of it upon the attorneys, nor was his clerk required to do so. The attacked judgment is neither void nor irregular.

The judgment of the circuit court is affirmed.