Daniel G-. Albert, J.
This is an application to stay arbitration on the ground that the proceeding is barred by failure of the respondent to move to compel arbitration within two years from the date of death of respondent’s intestate (Civ. Prac. Act, § 1458-a).
On January 5, 1961, the respondent’s brother and intestate died as a result of injuries sustained the same day in a motor vehicle accident with an alleged uninsured motorist. At the time of the accident, the vehicle operated by the deceased was *658 covered by a policy of automobile liability insurance so that he constituted an “ insured person ” within the meaning of sections 167 and 601 of the Insurance Law. Under the so-called “ uninsured motorist endorsement ’ ’ attached and made part of automobile liability policies issued in this State, an insured person is obliged to submit his claim to arbitration and to file with the Motor Vehicle Accident Indemnification Corporation (MVAIC) a notice of intention to make claim.
On February 19, 1961, the respondent duly and timely filed his notice of claim in behalf of the deceased. However, no demand to compel arbitration of the claim was brought within two years from the date of the death of respondent’s intestate. Section 1458-a of the Civil Practice Act provides: “A motion to compel arbitration shall be denied, and a motion to stay arbitration granted, if at the time of the giving of notice of intention to arbitrate, or of the making of a demand for arbitration, the claim * * * would be barred by an existing statute of limitation if such claim were asserted in an action ”. (Italics supplied.)
A proceeding for arbitration of future disputes which is authorized by the prior agreement of the parties may be instituted by the giving of a “ notice of intention to arbitrate ” or the making of a “ demand for arbitration” (Matter of Cohen v. Cohen, 17 A D 2d 279, 282-283). In the opinion of the court, the filing of a notice of intention to make claim against the MVAIC is the equivalent of the giving of a “ notice of intention to arbitrate ” since arbitration of all such claims against the MVAIC is made compulsory by statute (Insurance Law, § 167, subd. 2-a; § 606, subd. [b]). In this case, the notice of claim was timely filed, and such filing was made within two years of the decedent’s death. The claim, consequently, is not barred. The application is denied.