■    In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and ROBERT McDONNELL, as Administrator of the Estate of THOMAS J. McDONNELL, Deceased, Respondent.— In a proceeding to stay arbitration, the petitioner Motor Vehicle Accident Indemnification Corporation, appeals from an order of the Supreme Court, Nassau County, entered October 10, 1963, which denied its application. Order affirmed, without costs. The application for a stay of arbitration was based on the ground that the arbitration was barred by the respondent's failure to move to compel the arbitration within two years from the date of death of the respondent's intestate (CPLR 7502; Decedent Estate Law, § 130). The decedent died January 5, 1961 as the result of injuries sustained that day in a motor vehicle accident with an allegedly uninsured motorist. At the time of the accident, the deceased's vehicle was covered by a policy of automobile liability insurance which contained the statutory "uninsured motorist endorsement" (Insurance Law, § 167, subd. 2-a). A timely notice of intention to make claim on behalf of the decedent's estate was filed February 19, 1961. A demand for arbitration of the claim was made in June, 1963 — more than two years after the decedent's death. Special Term denied MVAIC's application on the ground that for the purpose of computing the applicable period of limitation "the filing of a notice of intention to make claim" against the MVAIC "is the equivalent of the giving of a 'notice of intention to arbitrate'". In our opinion, the application was properly denied, but not for the reason given by the learned Justice at Special Term. A notice of claim is completely different from a demand for arbitration. The notice is merely a notification to MVAIC that a claim exists. On the other hand, a demand for arbitration is a direct positive announcement that arbitration is sought. The language of the endorsement on the policy and the provisions of the statute (Insurance Law, § 167), indicate clearly that the two were not meant to be equivalent in legal effect. Admittedly the demand for arbitration was made beyond the period for the timely commencement of a wrongful death action (Decedent Estate Law, § 130). Ordinarily such a belated demand might bar arbitration upon the claim asserted (CPLR 7502). However, in analogous cases it has been held that a claim such as the respondent's is actually based upon the insurance contract, even though a third person's tortious act gave rise to the claimant's rights under the contract. Hence, as the claim here is upon the insurance contract, the six-year Statute of Limitations is applicable and the two-year Statute of Limitations governing actions for wrongful death may not be invoked to bar the arbitration (*Matter of MVAIC* [*Miller*], N. Y. L. J., March 4, 1963, p. 16, col. 4, affd. 19 A D 2d 799; *Matter of McNamara* [*MVAIC*], 42 Misc 2d 923; *Matter of McGuinness* [*MVAIC*], 40 Misc 2d 775). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur. [40 Misc 2d 657.]