Argued May 1, reversed and remanded August 23, 1967

# DAVIS, *Appellant, v.* BAR T CATTLE COMPANY, INC., *Defendant,* FIRST NATIONAL BANK OF OREGON, *Respondent.*

431 P. 2d 825

438

*James V. Hurley,* Bend, argued the cause for appellant. With him on the briefs were DeArmond, Goodrich, Gray, Fancher & Holmes and Bradley D. Fancher, Bend.

*R. R. Bullivant,* Portland, argued the cause for respondent. With him on the brief were Pendergrass, Spackman, Bullivant & Wright, Portland, McKay, Panner, Johnson & Marceau and Owen M. Panner, Bend.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, DENECKE, REDDING,* and FORT,* Justices.

DENECKE, J.

This appeal presents some novel questions in garnishment.

The plaintiff obtained a judgment against Bar T Cattle Company and on January 30, 1964, a notice of garnishment issued pursuant to a writ of execution was served on the garnishee Bank. The Bank filed a return alleging that it held personal property of Bar T as a chattel mortgagee in possession; that it had been and was liquidating such collateral at private sale because Bar T was in default; and that it was unable to state whether any balance would be remaining for application upon plaintiff's judgment. The property consisted of cattle and feed.

---

* Redding and Fort, JJ., did not participate in this decision.

Plaintiff filed allegations against the Bank. The crucial pleading is plaintiff's second amended allegations filed in March, 1965. Plaintiff alleged therein that the Bank had completed liquidation and had no moneys remaining. It further alleged this was so because the Bank had failed to conduct the sales in a reasonable manner and had charged unreasonable expenses. The Bank filed an answer admitting all except the improper selling and unreasonable expenses. The Bank demurred upon the grounds of no jurisdiction and that the allegations stated no cause of action. The demurrer was sustained and the plaintiff appeals.

The Bank concedes that a garnishing creditor can secure judicial relief against a garnishee if the creditor can prove that the garnishee liquidated the debtor's collateral in an unreasonable manner or charged unreasonable expenses. The Bank contends, however, that a garnishment proceeding is not the correct procedure to obtain such relief.

■ The decisions of other states generally indicate that the plaintiff can litigate the issues he is raising here in a garnishment proceeding.

The opinion in *Merchants' & Manufacturers' Nat. Bank of Pittsburg v. Baeder Glue Co. (Kern, Garnishee),* 164 Pa 1, 30 A 290 (1894), seemingly does not report all that occurred; however, it was a garnishment proceeding on execution against a garnishee who held collateral of the debtor as security. The garnishee made a return that he had no goods of the debtor. The evidence was that the garnishee had 2,200 barrels of glue as collateral and he sold these for $24,000 to a buyer who within a few days sold the same for $32,000. The court stated the issue to be whether the garnishee had any goods of the debtor or was indebted

to the debtor. Judgment was entered against the garnishee. The court stated:

> "The holder of collateral securities is not bound to obtain the highest possible price for them, but he is bound to the exercise of common business prudence and of good faith in his management and conversion of them. * * * They [the creditors] have a right to demand what he [the debtor] ought in good conscience to demand,—an account from his creditor for the collaterals placed in his hands. This disposes of the sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error." 30 A at 291.

In *McDonald v. Creager,* 96 Iowa 659, 65 NW 1021 (1896), the plaintiff judgment creditor garnished Crittenden. In a hearing the court found Crittenden had choses in action of the debtor but was entitled to hold the same and the court ordered him to liquidate them, pay the necessary expenses of liquidation, pay himself the amounts owed him by the debtor, and pay the plaintiff's judgment out of any surplus. Subsequently, the garnishor filed supplemental proceedings alleging that Crittenden had liquidated the choses in action but refused to account to or pay plaintiff. The trial court determined the amount received by the garnishee and fixed the amount of expenses and fees that the garnishee could deduct, and ordered the balance, after deducting the amount owed the garnishee, paid into court. The appellate court reversed partly because it took a different view of what could be allowed as reasonable expenses, but the ability of the court in a garnishment proceeding to pass upon the garnishee's conduct and expenses in liquidating collateral was unchallenged.

The decision most comparable to the present case is *Galveston Dry-Goods Co. v. Blum,* 23 Tex Civ App

703, 57 SW 1121 (1900). The debtor transferred stocks of dry goods to Blum by an assignment for the benefit of creditors. The plaintiff then garnished Blum in aid of a writ of execution. Subsequently, Blum sold the goods, paid the creditors for whose benefit the assignment had been made, and no balance remained. In the garnishment proceeding the trial court refused to require the garnishee, Blum, to furnish an account to the plaintiff and found for the garnishee. The appellate court reversed and ordered an accounting. It held the following requested instruction should have been given:

"* * * 'You are instructed that in the preservation, custody, and disposition of the property taken by Ben Blum from Levine under the trust deed, Blum was bound to use the care and prudence which a man of ordinary prudence would use in his own affairs; and if through his failure to use such care and prudence after the service of plaintiff's writ of garnishment on him, June 27, 1898, said property was wasted, or failed to bring what it would have brought had such care and prudence been observed by Blum, then he is responsible to plaintiff for the excess of the amount said property ought to have brought, by the use of such proper care and prudence, over the amount of the claims of creditors, if any, who accepted said deed of trust before said garnishment was served, and the reasonable expenses of administering the trust, and you will find a verdict for plaintiff for the amount of such excess, if any, not to exceed the sum of $498.65.' * * *." 57 SW at 1122.

The court further held:

"* * * There was evidence sufficient to raise the issue as to whether the expenses claimed by appellee were reasonable expenditures, and as to whether the amount claimed to have been realized by the sale of the goods was their reasonable value.

It is the duty of a trustee [garnishee] to use ordinary care and prudence in the preservation and sale of goods intrusted to him to be sold for the benefit of others, and if, by his failure to use that care which a man of ordinary prudence would use in conducting his own business of like character, any loss occurs to the beneficiaries of said trust, he would be liable to them for such loss." 57 SW at 1122-1123.

Rood, Garnishment (1896), 208, § 173, is in accord:

"If, for the purpose of satisfying his claim, the lienholder proceeds under his right to sell, he is not bound to obtain the highest possible price for the goods, but he must exercise common business prudence and good faith in the conversion of them, and, to the extent of his failure to do so, he is liable to the garnishing creditor. * * *"

The Bank correctly points out that garnishment is statutory and contends that regardless of what other jurisdictions have held under their garnishment statutes, the Oregon statutes do not permit the plaintiff to obtain this type of relief in a garnishment proceeding.

In *Williams v. Gallick,* 11 Or 337, 340, 3 P 469 (1884), this court held that under the Oregon garnishment statute the defendant debtor has an interest in property pledged to the garnishee which can be levied upon by a garnishing creditor. In that case the debtor pledged personal property with Gallick to secure Gallick against a potential liability. The plaintiff subsequently garnished Gallick who made a return that he had no property of the debtor and owed nothing to the debtor. The plaintiff filed allegations and a trial was had. The trial court found that at the time of garnishment the garnishee had property of the debtor on hand

and that he later liquidated such property. It allowed the garnishee credit for certain notes owed to him by the debtor, the payment of which was secured by the property liquidated, and for the expenses of such sales; however, it further found that other notes were not secured by such property and it disallowed the expenses of sales to repay such other notes and rendered judgment against the garnishee. The judgment was affirmed.

In *Credit Service Co. v. Furney*, 128 Or 21, 271 P 738 (1929), the debtor was a chattel mortgagee in possession. The condition of the mortgage was breached, the plaintiff garnished the mortgagee in possession and subsequently the mortgagee commenced foreclosure and subsequently sold pursuant to foreclosure. No surplus existed. In the garnishment proceeding the plaintiff contended that the equipment was worth more than the debt it secured. The court observed:

"* * * We are aware of the fact that there was evidence that the value of the property was greater than the amount of the mortgage debt, and that the Circuit Court so found; but this is insufficient to impeach a foreclosure sale conducted fairly and in conformity with the stipulations of the mortgage by the mortgagee in which the plaintiff was invited to participate." 128 Or at 27.

I

■ The Bank's first proposition is that a garnishment is only effective against property in possession of the garnishee at the time of the service of the garnishment and the plaintiff did not allege the garnishee had possession of any property at the time of garnishment.

We find that the plaintiff did allege the Bank had

possession of property of Bar T at the time of the service of garnishment. Plaintiff alleged:

### "II

"That the First National Bank of Oregon, as Garnishee, in its answer and return to notice of garnishment which was served upon it the 30th day of January, 1964, which answer and return was filed under date of February 7, 1964, did state that it did have in its possession or under its control as chattel mortgagee in possession, a substantial amount of personal property  *  *  *."

The allegations in other portions identify the personal property referred to as that of defendant Bar T. Other portions of the allegations fix the Bank's possession as at the time of the service of the garnishment.

### II

The Bank's second proposition is that plaintiff does not allege that the Bank had in its possession any more property than the Bank alleged in its return and, therefore, plaintiff has failed to state any basis for recovery. The Bank's position is that a garnishor cannot obtain a judgment against a garnishee unless the garnishee fails to make a return or makes a false return and, in either instance, it is found upon trial that the garnishee has property of the debtor, or more property than was stated upon the return.

ORS 29.360 provides:

"If by the answer it shall appear, or if upon trial it shall be found, that the garnishee, at the time of the service of the copy of the writ of attachment and notice, had any property as to which such garnishee or officer thereof is required to give a certificate, as provided in ORS 29.280, beyond the amount admitted in the certificate, or in any amount if the certificate was refused, judgment may be

given against the garnishee for the value thereof in money."

We conclude that the pleadings allege that the garnishee Bank had property "beyond the amount admitted in the certificate" and, therefore, the above-quoted statute is satisfied.

The certificate made by the garnishee states that the Bank has property of Bar T's which it is liquidating and the Bank does not know whether the property is of sufficient value to yield any proceeds in excess of the claim of the Bank and the Bank's expenses. The allegations charge that if the garnishee had liquidated in a reasonable manner the property would have yielded sufficient proceeds to satisfy plaintiff's judgment against Bar T. The garnishee's answer denies this and attaches an accounting setting forth an itemized list of the property, the amounts received and the expenses paid.

The garnishee never admitted it had sufficient property to satisfy plaintiff's judgment. If plaintiff can prove his allegations that the garnishee did have sufficient property he will have proved the garnishee had more property of the debtor than it admitted in its certificate.

### III

The garnishee next contends that the allegations fail to state any basis for relief because it is not alleged that plaintiff succeeded to defendant Bar T's rights in the garnished property by purchase of such rights at execution sale.

Garnishee relied upon an execution statute, ORS 23.420(3) which provides that if one garnished pursuant to a writ of execution has property of the debtor

it shall deliver the property to the sheriff, otherwise the sheriff shall levy upon it, "[i]f such property is in the possession of such garnishee upon a bailment then unexpired [the present situation], the sheriff shall sell the same, or the interest of the judgment debtor therein, according to the certificate, as other property."

■ The above-quoted statute in our opinion is not applicable. The issue in this case is did the garnishee have property sufficient to satisfy only the defendant's debt to the garnishee or did the garnishee have, a surplus which would be the property of the debtor and could be levied upon by plaintiff? The garnishment statutes provide that when the garnishee denies it has any property of the debtor this issue shall be tried and the appropriate parties are the plaintiff creditor and the garnishee. ORS 29.360 provides that if the plaintiff judgment creditor prevails and it is found the garnishee has property of the defendant, "judgment may be given against the garnishee for the value thereof in money."

■ A garnishee could destroy or transfer the property and the sheriff would have nothing to sell. Nevertheless, if the garnishee has not admitted possession of such property in its certificate or if the garnishee has not delivered admitted property to the sheriff, the garnishing plaintiff is entitled to a personal judgment against the garnishee for the value of such destroyed or transfered property. ORS 29.270, 29.360.

IV

The garnishee next asserts that the claim which plaintiff makes is not for a debt but for an unliquidated claim for tort and, therefore, is not a subject of garnishment.

Plaintiff has garnished personal property as the statute authorizes. ORS 23.160, 29.170. The pleadings allege that the garnishee on the date of service of the garnishment had personal property of the defendant in its possession.

██ The garnishee likens the conduct which plaintiff charges against it as a conversion and refers us to cases holding that the liability of a garnishee to an action of conversion by the defendant debtor cannot be the subject of a garnishment as such liability is for an unliquidated tort claim. Annotation, 91 ALR 1337 (1934). The difference between those cases and the instant case is that in the instant case the plaintiff garnished personal property (livestock and feed), whereas in the cases relied upon by the Bank the garnishing creditor attempted to garnish a claim for conversion of property. Our statutes authorize the garnishment of property or "debts." ORS 29.170. The cases relied upon by the garnishee are from jurisdictions which have generally similar statutes. The garnishor in those cases generally contended that the liability for conversion was a "debt" and the courts held it was not,—rather, it was an unliquidated tort claim. Here, the claim is not made that a "debt" was garnished; the garnishor is rightfully asserting that he garnished property. If the garnishee's conduct can be classified as conversion, such conduct occurred after the garnishment and the statutes stating what can be the subjects of garnishment are not applicable. If the garnishee's contentions were correct, a garnishee could successfully thwart a garnishing creditor by converting the property after garnishment. No reason has been advanced or conceived for creating such a predicament.

## V

■■ Garnishee's last contention is that no judgment in favor of plaintiff and against defendant was "entered" in the journal prior to the issuance of the execution and garnishment. The trial court specifically found that the judgment had been signed, filed, and recorded in the judgment docket and stamped with the book and page of the journal prior to the issuance of the writ, but the judgment was not transcribed in the journal prior thereto. The trial court entered an order that the clerk "enter the Judgment in the Circuit Court Journal nunc pro tunc January 21, 1964 [prior to the issuance of the writ]." This removes this issue.

Mr. Justice ROBERT S. BEAN stated:

"* * * When a judgment has been actually rendered or an order made by the court which is entitled to be entered of record, but, owing to the misprision of the clerk, has not been so entered, the court may order the entry to be made *nunc pro tunc*. * * *" *Grover v. Hawthorne,* 62 Or 65, 75, 116 P 100, 121 P 804 (1912).

The demurrer should not have been sustained.

Reversed and remanded.