IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JINXIANG REN,                          )
                                       )
            Plaintiff,                 )    TC-MD 180050N
                                       )
      v.                               )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
            Defendant.                 )    **FINAL DECISION**[1]

Plaintiff appeals Defendant's Notice of Assessment dated January 22, 2018, for the 2014

tax year. A trial was held in the Oregon Tax Court's Jill A. Tanner Mediation Center on June 21,

2018, in Salem, Oregon. Plaintiff appeared and testified on his own behalf. Johnny Helt (Helt),

tax auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 6 and

Defendant's Exhibits A and B were received without objection. The court sustained Defendant's

objection to Plaintiff's Exhibit 7 because the exhibit was not timely exchanged. *See* Tax Court

Rule-Magistrate Division (TCR-MD) 12 C(1) (requiring exhibits to be either postmarked at least

14 days before trial or physically received at least 10 days before the trial date).

## I. STATEMENT OF FACTS

Plaintiff and his former spouse (Wei) divorced in 2013. (*See* Ptf's Ex 6.) A Decree of

Dissolution (Decree) was filed by a Washington state superior court, on February 5, 2013.

(*Id.* at 1.) The Decree provided by a check-box that spousal maintenance, *i.e.*, alimony, "[d]oes

not apply." (*Id.* at 5.) Subsequently, the Washington court filed a Modification of the Decree

(Modification) on May 22, 2017. (Ptf's Ex 1 at 1.) The Modification ordered Plaintiff to pay

---

[1] This Final Decision incorporates without change the court's Decision, entered August 8, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Wei "$28,700 maintenance in 2014 and $28,000 maintenance in 2015, and no more maintenance starting in 2016." (*Id.*) Plaintiff testified that Washington law is more flexible than Oregon law with respect to spousal maintenance modifications. (*See* Ptf's Ex 4 at 8 (excerpts Plaintiff received from a Washington attorney).) He testified that, under Washington law, parties can modify an existing decree by agreement. (*See id.* at 9.) Plaintiff testified that he and Wei are good friends and he wanted to help her get established in California. He testified that, at the time of the Decree in 2013, neither he nor Wei was employed, so that is why they did not include maintenance in the original Decree. (*See* Ptf's Ex 1 at 2 (motion for modification).) Plaintiff found employment "later in 2013[,]" which constituted a change in circumstance supporting the Modification. (*See id.*)

Plaintiff offered evidence to prove the amount of maintenance he paid. He provided select 2014 bank statements from his and Wei's checking accounts and marked the deposits and transfers that represented his claimed maintenance payments to Wei. (*See* Ptf's Ex 2.) Some checked items are cash deposits into Wei's account and others are transfers with more detail, such as "Bill Pay: Gubin Wei." (*See id.*) Plaintiff testified that the transfers and deposits totaled $28,700. He provided a signed and notarized statement from Wei that she received $28,700 in alimony from Plaintiff in 2014. (Ptf's Ex 1 at 4.) Plaintiff also provided the first page of Wei's 2014 Form 1040 reporting alimony received of $28,700. (*Id.* at 5.)

Defendant reviewed Plaintiff's 2014 Oregon personal income tax return and disallowed Plaintiff's claimed deduction for alimony paid because the "payments were not made under a divorce or separation instrument[.]" (Def's Ex A at 2-3.) Plaintiff testified that he obtained the Modification because that is what he understood Defendant to have requested. He testified that, based on his reading of applicable Treasury Regulations, the Modification was sufficient to allow his claimed alimony deduction for the 2014 tax year. (*See* Def's Ex B at 1.)

Helt testified that the Treasury Regulations require spousal maintenance payments to have been "made in discharge of a legal obligation imposed upon" the spouse "under a court order or decree[.]" (Def's Ex B at 1.) He noted that the regulations reference payments received "*after* a decree of divorce or of separate maintenance[.]" (*Id.* (emphasis added).) Helt questioned the total amount of payments made by Plaintiff. He determined that Plaintiff paid $12,400 to Wei, but disagreed that Plaintiff presented sufficient evidence that he was the source of the remaining cash deposits to Wei's account.

## II.  ANALYSIS

The two issues for decision are: (1) whether Plaintiff is allowed any alimony deduction for the 2014 tax year; and (2) if so, the total amount of Plaintiff's alimony payments.

The Oregon Legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code [IRC] relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state[.]" ORS 316.007(1). [2] "Any term used * * * has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined[.]" ORS 316.012.

Deductions are "a matter of legislative grace" and Plaintiff bears the burden of proving his entitlement to the deduction claimed. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *."

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

ORS 305.427.  Plaintiff must establish his claim "by a preponderance of the evidence[,]" which "means the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).  "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *."  *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).  "In an appeal to the Oregon Tax Court from an assessment made under ORS 305.265, the tax court has jurisdiction to determine the correct amount of deficiency[.]"  ORS 305.575.

A.      *Whether Plaintiff is Allowed an Alimony Deduction for the 2014 Tax Year*

"In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."  IRC § 215(a).[3]  Alimony or separate maintenance payments are defined by reference to IRC section 71(b), which requires the recipient of alimony to include such payments in gross income.  IRC § 215(b).  IRC section 71(b)(1)(A) defines "alimony or separate maintenance payment" as "any payment in cash if such payment is received by (or on behalf of) a spouse *under a divorce or separation instrument*."  (Emphasis added).  " '[D]ivorce or separation instrument' means--

"(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

"(B) a written separation agreement, or

"(C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse."

IRC §71(b)(2).  Here, Plaintiff's original Decree filed in 2013 specified that neither party would pay maintenance to the other party, but the Modification filed in 2017 ordered Plaintiff to make maintenance payments to Wei in 2014 and 2015.  The question becomes whether Plaintiff's

---

[3] The court's references to the Internal Revenue Code (IRC) are to 2014.

payments to Wei in 2014 were made "under a divorce or separation instrument" when the Modification was not filed until 2017. In other words, is a retroactive order to pay alimony or maintenance sufficient to support a deduction under IRC section 215?

In *Ali v. Comm'r*, TCM (RIA) 2004-284, 2004 WL 2980210 at *1 (US Tax Ct), the taxpayer and former spouse separated in 1999. On May 10, 2000, taxpayer's former spouse filed an order to show cause in California state court seeking family support payments from taxpayer. *Id.* Thereafter, the former spouse received monthly payments from community property, although "[t]here was no court order or judgment or other written agreement requiring [taxpayer] to pay child, spousal, or family support in 2000." *Id.* On February 5, 2001, the California court filed a partial stipulation and "reserved jurisdiction, retroactive to June 1, 2000, over the character and any allocation of the payments." *Id.* On June 25, 2001, the California court filed a stipulation between taxpayer and the former spouse deeming the payments to the former spouse "as unallocated family support from June 1, 2000, to March 31, 2001, in satisfaction of the obligation to provide support." *Id.* at *2. Taxpayer claimed an alimony deduction in 2000 based on part of the monthly family support payments. *Id.* The U.S. Tax Court held that no deduction was allowed because "retroactive imposition of support by a State court does not have retroactive effect for Federal tax purposes." *Id.*[4]

The outcome is the same even if the separated spouses made an oral agreement prior to entry of the court decree ordering maintenance. *See Beaugard v. Comm'r*, 40 TCM (CCH) 962

---

[4] The court in *Ali* recognized an exception, which was inapplicable in that case, where a court's "nunc pro tunc order retroactively corrects an order which failed to reflect the true intention *of the court* at the time it was rendered." 2004 WL 2980210 at *2, n2 (emphasis added). "It is the purpose of a nunc pro tunc order to supply an omission in the record of action really had, but omitted through inadvertence or mistake, or to enter an order which should have been made as a matter of course and as a legal duty." *Turlay v. Farmers Insurance Exch.*, 259 Or 612, 615–16, 488 P2d 406, 408 (1971). Here, there is no evidence that the Washington court's retroactive order was nunc pro tunc. Therefore, this limited exception does not apply.

(TC 1980) (holding that "it is well settled, and the statute is clear, that payments pursuant to an oral agreement alone do not constitute 'alimony' for tax purposes" and disallowing a deduction for payments made prior to the decree, notwithstanding its retroactivity); *see also Kennedy v. Dept. of Rev.*, TC-MD 111263C, 2012 WL 5077895 at \*4 (Or Tax M Div Oct 18, 2012) (holding that "the intention of the parties is insignificant;" in order to take a deduction, the payments must be "made under a legal obligation created by a divorce or separation instrument").

Based on the foregoing principles, the court concludes that Plaintiff is not allowed a deduction for alimony paid in 2014. The Modification retroactively ordering maintenance was not filed until May 22, 2017. As a result, no deduction for payments made prior to that date may be deducted as alimony because they were not made pursuant to a divorce or separation instrument. Any oral agreement between Plaintiff and Wei as of 2014 does not suffice.

Plaintiff argues that Washington law is flexible with regard to modifying divorce decrees. That may be so, but it does not change the outcome in this case. In *Ali*, the U.S. Tax Court recognized the validity of the retroactive modification under California law. 2004 WL 2980210 at \*2. However, that did not control the outcome "for Federal tax purposes." *Id.*

B.      *Amount of Plaintiff's Alimony Payments in 2014*

Because Plaintiff is not allowed any deduction for alimony paid in 2014, the court need not consider the total amount of payments supported by the evidence.

III.  CONCLUSION

Upon careful consideration, the court concludes that Plaintiff has failed to prove by a preponderance of the evidence that he is entitled an alimony deduction in 2014. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ＿＿ day of August, 2018.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Boomer and entered on August 23, 2018.*